## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA ROSENBERG, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>                    v.<br><br>NS8 INC.,<br><br>                              Defendant. | CASE NO. _____ |

## CLASS ACTION COMPLAINT FOR
## <u>VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*.</u>

Plaintiff Joshua Rosenberg ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees of NS8 Inc. ("NS8" or the "Defendant") as follows:

### <u>NATURE OF THE ACTION</u>

1.      Defendant is a Las Vegas-based fraud detection technology company that employed more than 200 employees.

2.      On or about September 11, 2020, Defendant terminated Plaintiff and most of its workforce, resulting in over 200 full-time employees losing their jobs.

3.      On information and belief, NS8's founder and CEO resigned ten days earlier on September 1, 2020.

4.      On information and belief, NS8 has been the subject of a Securities and Exchange Commission fraud investigation since 2019.

5.      Plaintiff was not told the reason for the mass layoff when he was terminated, despite having attended two company meetings on the subject prior to the termination.

6.      Although NS8 distributed a purported WARN notice, it did not explain why the layoff was ordered other than say "sudden and unforeseeable business circumstances."

7.      Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the foreseeable result of, a plant closing or mass layoff ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

8.      Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

10.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1), (2) and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

11.      Plaintiff worked as a paid media manager for Defendant at Defendant's facility located at 241 West Charleston Blvd., # 111, Las Vegas, Nevada 89102 (the "Las Vegas Facility") until his termination on or about September 11, 2020.

### *Defendant*

12.      Upon information and belief, Defendant NS8 Inc. is a Delaware corporation and therefore resides in Delaware under 28 U.S.C. § 1391(b)(1).

13.     Upon information and belief, at all relevant times, Defendant conducted business in this district.

14.     In addition to Las Vegas Facility, Defendant maintained facilities in Miami Beach, Florida and San Ramon, California (together, the "Facilities.")

15.     Until on or about September 11, 2020, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to its Facilities.

16.     Upon information and belief, Defendant made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

17.     On or about September 10, 2020, Defendant told employees their jobs would be eliminated the next day.

18.     On or about September 11, 2020, Defendant carried out a mass layoff or plant closing at one or more of its Facilities without providing its employees with 60 days' advance written notice.

**WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104**

19.     Plaintiff brings this claim for relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to Defendant's Facilities and were terminated without cause on or about September 11, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on or about September 11, 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

20.     The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

21.     Upon information and belief, Defendant employed more than 100 full-time employees and more than 75 at one or more of its Facilities.

22.     On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

23.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

24.     Common questions of law and fact exist as to each of the Class Members, including, but not limited to, the following:

(a)     whether the Class Members were employees of Defendant who worked at or reported to Defendant's Facilities;

(b)     whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)     whether Defendant unlawfully failed to pay the Class Members 60 days wages and benefits as required by the WARN Act.

25.     Plaintiff's claims are typical of those of the Class.  Plaintiff, like other Class Members, worked at or reported to Defendant's Facilities and was terminated without cause on or about September 11, 2020, due to the mass layoff and/or plant closing ordered by Defendant.

26.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

27.     On or about September 11, 2020, Defendant terminated Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days' advance written notice under the WARN Act.

28.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation.

29.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

30.     Plaintiff intends to send notice to all Class Members to the extent required by Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE.

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2101, *et seq.*

31.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

33.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing at one or more of its Facilities.

34.     On or about September 11, 2020, Defendant ordered a mass layoff and/or plant closing at one or more of its Facilities, as that term is defined by 29 U.S.C. § 210l (a)(2) and 28 CFR § 639.3(i).

35.     The mass layoff or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at one or more of its Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

36.     Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at one or more of its Facilities.

37.     Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

38.     Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

39.     Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

40.     Plaintiff and each of the Class Members, are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

41.     Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

42.     The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A.     Certification of this action as a class action;

B.     Designation of Plaintiff as the Class Representative;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other

COBRA benefits, for 60 days, that would have been covered and paid under the

then-applicable employee benefit plans had that coverage continued for that period,

all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A); and

E.      Such other and further relief as this Court may deem just and proper.

DATED:  September 16, 2020


By:                                         /s/ Christopher D. Loizides
                                            Christopher D. Loizides (No. 3968)
                                            **LOIZIDES, P.A.**
                                            1225 King Street, Suite 800
                                            Wilmington, Delaware 19801
                                            Telephone: (302) 654-0248
                                            Facsimile: (302) 654-0728
                                            E-mail: loizides@loizides.com

OF COUNSEL:

René S. Roupinian, Esq. *(pro hac vice forthcoming)*
Jack A. Raisner, Esq. *(pro hac vice forthcoming)*
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and the putative Class*